The Union Pacific Railroad Company *v.* Byrne.

New Trial.—A mere statement of abstract propositions unaccompanied by evidence for testing them is not a motion for a new trial ; it is a mere inchoate proceeding which should be stricken from the files.

Idem.—It is no ground of objection that a motion for a new trial was not heard by the judge who tried the case, where the judge hearing the motion does so at the request of the moving party.

Remittitur.—Where a remittitur is filed, it is only an admission that the verdict was excessive in the amount remitted.

Judgment.—Where the basis of a judgment has been laid, the point for entering judgment has been reached, the order for its entry is a form, and any judge qualified to act in the case may make the order.

Error to the District Court of Uinta County.

The action in the court below was instituted by the defendant in error, to recover of the plaintiff in error an amount alleged to be due for timber, lumber, etc., delivered by the defendant in error to the plaintiff in error.

The defendant below demurred to the petition, which was overruled and an exception taken.  The defendant then answered :  *First*, a general denial.  *Second*, failure of title of the plaintiff below to the property alleged to have been sold to the defendant.

The case came on for trial in the court below on the 12th day of July, 1875, the jury finding a verdict in favor of the plaintiff below.

Within the three days the defendant below filed its motion for a new trial.  The motion for a new trial was continued, and not disposed of until the 27th day of January, 1877, when the same was denied and judgment rendered for the plaintiff below.  The case was tried at the July term, 1875, before the Hon. J. M. Carey, then presiding judge of that district, and the motion for a new trial came on to be heard before the Hon. E. A. Thomas, presiding judge at the January term, 1877, Judge Carey's term of office having expired.

*W. R. Steele*, for plaintiff in error.

*H. Garbanati*, for defendant in error.

PECK, J.   This is an action of assumpsit for merchandise sold and delivered by Byrne to the Company.   The latter duly excepted, and duly presents to us under section 302 of the Civil Code, an exception to an order of the district court, overruling its demurrer to the petition; but the exception has no merit.

The defendant below answered over, an issue of fact was raised upon the answer, and at the July term for 1875 a jury trial was had, and a verdict rendered for the plaintiff below for $755.82, Judge Joseph M. Carey presiding; and the case was continued for judgment from term to term until the January term of 1877.   The record contains no evidence, requests to charge, or charge, and other than the exception relating to the demurrer, and an exception to an order overruling a motion for a new trial and allowing an entry of judgment, no exception.

At the July term for 1875, the Company reasonably moved for a new trial on the several grounds: That the verdict was against evidence, was against law, was excessive, and that the court erred in refusing two several requests specified in the motion to charge; which motion was continued for hearing until the January term for 1877, Judge Carey having in the meantime left the bench.   On the 10th day of September, 1875, Byrne filed a remittitur of $355 upon the verdict, and a motion for judgment upon the balance.   At that January term the Company brought on its motion for hearing before Judge E. A. Thomas, who had succeeded Judge Carey, and was regularly holding the term, who at the same term overruled the motion, and rendered judgment upon the verdict according to the motion for judgment, filed on September 10th, 1875; and the Company excepted to the order overruling the motion for a new trial, and granting judgment.   The company now claims that the motion could have been heard only by the judge

who tried the case; and as he had left office, that it could not afterwards be heard at all; and, as the mover was thus deprived of the benefit of his motion, that it was the duty of Judge Thomas to have ordered a new trial, not upon the motion, but because the mover had lost its benefit by an uncontrollable cause, imputing to him no laches, and a new trial was necessary to the protection of its right by putting it where it might have been put, had its motion been competently heard. Assuming that the motion could have been competently heard only by the judge who tried the case,— and this point it is unnecessary for us to, and we do not pass upon—there are two answers to the claim that Judge Thomas should have ordered a new trial. Our answer is, the Company asked him to hear its motion; if till then he had no jurisdiction over the motion, the want was waivable and the Company waived it, and its exception to his order is only an exception to his action on the merits, after he had thus properly acquired jurisdiction; that if the Company desired to avail itself of a supposed right to a new trial, because there was in office no judge competent to hear the motion, it should have made a separate motion accordingly, and have appeared here with an appropriate exception to an order refusing it. It made no such motion, no such exception is before us, and this party is not in an attitude to complain on the ground now taken by it, that a new trial was not awarded.

Another reason is, that the motion thus far treated as a regular motion for a new trial, was not one; it was a mere statement of abstract propositions accompanied by no evidence for testing them, and therefore useless; it was a mere inchoate proceeding which the judge who tried the case could not have heard. All that any judge could properly have done with it was to have ordered it to be stricken from the files, as being nothing. Judge Thomas should have ordered it from the files; but, as he brought it to nothing, though by an irregular way, the Company has suffered nothing; and thus far the proceeding upon the motion presents no grounds for reversal.

The Company further claims that, in hearing the motion upon its merits, Judge Thomas should have treated the remittitur as an admission by Byrne that the verdict was excessive to an extent beyond the amount remitted. As without the remittitur there would be nothing in the record to indicate that the verdict was excessive as rendered, with the remittitur we can only see that it was excessive in the amount remitted; we therefore allow nothing to the plaintiff in error on this point.

It further claims that the judgment could have been entered up only on the order of the judge who tried the case. Where the basis of a judgment has been laid, the point for entering judgment has been reached, the order for its entry is a form, and any judge qualified to act in the case, may make the order. Nothing can be plainer in principle, nor more familiar in practice.

The record contains what it denominates a bill of exceptions. That proceeding is simply a recital of a motion for a new trial, the hearing and denial of it, and the exception to the order of denial and for judgment, as those particulars have been above detailed in this opinion; and purports to have been allowed by Judge Thomas.

As to this alleged bill, the record presents nothing more than it previously presents as to the motion and the proceedings upon it; is not a bill of exceptions either at common law or under the statute; is inchoate and meaningless; could have been moved from the files at the will of the plaintiff below, and in no wise affaects the case, except to encumber the record.

The judgment is affirmed with costs, but without the addition of the five per cent. allowed upon dilatory appeals.

Judgment affirmed.